JAP:DMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

RAHEEM BERT
    also known as
    "Raheem Linwood" and
    "Radio,"

        Defendant.

- - - - - - - - - - - - - - - - -X

**M 12-097**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.
§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

    DAVID JOEL, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), Gun Enhancement Unit, duly appointed according to law and acting as such.

    Upon information and belief, on or about January 19, 2012, within the Eastern District of New York, the defendant RAHEEM BERT, also known as "Raheem Linwood" and "Radio," having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Titan .25 caliber semi-automatic pistol.

    (Title 18, United States Code, Section 922(g)(1)).

1

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Detective with the NYPD Gun Enhancement Unit since 2009, and an Officer of the NYPD since 2001. My information in this case comes from reviews of records of the NYPD, conversations with NYPD officers, and other official records of government agencies.

2. On or about January 19, 2012, at approximately 9 p.m., NYPD Police Officers John Fahim and Besim Pelinku responded to a radio call of trespassers at 55 Holland Avenue, Staten Island, New York. At the building, private security officers reported to Officers Fahim and Pelinku that five individuals were trespassing in the building, some of whom were on the 10th floor.

3. Officers Fahim and Pelinku went upstairs to the 10th floor. Upon arriving at the 10th floor, they saw two men and one woman in the hallway near a window overlooking the front of the building. The officers asked the individuals what they were doing there. Defendant RAHEEM BERT said that they were visiting the people who lived in a nearby apartment, and gestured toward Apartment 10L. Officer Fahim knocked on the door to Apartment 10L and asked the woman who answered whether she knew

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the facts and circumstances of which I am aware.

2

the individuals who were in the hallway. The woman said she did not. BERT told the woman to say that she knew them. The woman then said that she knew the people in the hallway.

4. While Officer Fahim was speaking to the woman who answered the door at Apartment 10L, the defendant RAHEEM BERT turned away from the officers and reached toward his waist. Officer Fahim went over to BERT to see what he was doing, while Officer Pelinku pulled out his firearm and told BERT to put his hands where he could see them. Officer Fahim saw BERT pull a firearm out of his waist, and put his hand on BERT's right arm, which was holding the gun. Officer Fahim struggled which BERT, during which time BERT tossed the firearm out of the open window on the 10th floor. While BERT was throwing the firearm out the window, the magazine fell out of the firearm on to the floor.

5. Officer Fahim pinned BERT to the ground and handcuffed him. Officer Fahim then picked up the magazine, which contained three bullets, put it in his pocket, and radioed for back-up. Officers Fahim and Pelinku escorted BERT in the elevator to the lobby. While Officer Pelinku watched BERT, Officer Fahim went outside the building to the area underneath the window from which BERT had thrown the gun. Officer Fahim recovered a Titan .25 caliber semi-automatic pistol with no

magazine from the ground outside the window. The gun was defaced and did not have a visible serial number.

6. The defendant RAHEEM BERT gave his name to Officer Fahim as "Raheem Linwood," and continued to insist that that was his name even after Officer Fahim explained that it was a crime to give a false name to a police officer.

7. After receiving his <u>Miranda</u> rights and waiving them in writing, the defendant RAHEEM BERT stated in sum and substance and in part that although the gun was his, he did not have the magazine in the gun and therefore could not be charged with possession of a loaded firearm. BERT also stated in sum and substance and in part that the gun could not possibly work after he had thrown it out the window, and that the gun charge would be dismissed because the gun was not operable.

8. Defendant RAHEEM BERT is currently being held in state custody. I have reviewed criminal history records for BERT, which reveal that he has been convicted of at least the following crimes: (1) on March 29, 2004, the defendant was convicted in Richmond County Supreme Court of Tampering with a Witness in the Second Degree, a Class D Felony, and sentenced to one to three years in custody; (2) on November 17, 2004, the defendant was convicted in Richmond County Supreme Court of Criminal Possession of a Controlled Substance in the Third

Degree, Narcotic Drug with Intent to Sell, a Class B felony, and sentenced to one to three years in custody; and (3)on December 7, 2007, the defendant was convicted in Richmond County Supreme Court of Criminal Possession of a Weapon in the Third Degree, a Class D felony, and sentenced to two to four years in custody.

       9. I haven consulted with an Alcohol, Tobacco, Firearms and Explosives interstate nexus expert, who informs me that the above-mentioned Titan .25 caliber semi-automatic pistol was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant RAHEEM BERT so that he may be dealt with according to law.

DAVID JOEL
Detective, NYPD

Sworn to before me this
27th day of January, 2012

S/Azrack

THE HOCK
UNITED UDGE
EASTER RK

6